### HOERLE v. McITHARGY.

### In re McFARLAN CARRIAGE Co.

(Superior Court of New York City, General Term.  May 2, 1892.)

DISSOLUTION OF PARTNERSHIP—RECEIVER—LIEN OF EXECUTION CREDITOR.
　　After an action for the dissolution of a partnership and for an accounting has been commenced, and a receiver appointed, and possession of the partnership effects taken by him, a creditor cannot acquire a lien on such effects by execution issued on a judgment thereafter recovered.

Appeal from special term.

Action by Justus Hoerle against Joseph McIthargy.  From a judgment in favor of a receiver appointed in the action, the McFarlan Carriage Company, a creditor, appeals.  Affirmed.

Argued before SEDGWICK, C. J., and McADAM, J.

William King Hall, for appellant.  Michael Jacobs, for respondent.

PER CURIAM.  The action is for a dissolution of a partnership and for an accounting.  In it a receiver had been duly appointed, and had taken possession of the partnership property.  After this the appellant began an action against the partners for a partnership indebtedness, and recovered judgment in the sum of $90.  On these facts, the appellant made petition to the court below, that the receiver pay out of the funds in his hands the amount of the judgment.  The court denied the application, and this appeal is taken from that denial.  The decision was correct.  There was no legal lien on the property, through the judgment and execution.  The property was in custody of the law, and was inaccessible to an execution or its usual consequences.  The sheriff, to levy, would be obliged to ask the leave of the court to that end.  As the receiver had not taken possession after the execution had issued, the court would not be pressed by the consideration that there was a legal lien.  In a case like this, the court should look into the whole case, and find whether substantially the applicant had a right to a preference.  If the estate were certainly solvent, leave might be given.  But, if insolvent, and there was nothing in the nature of the claim that should give priority, the court should deny the application.  In this case there was no reason why the applicant should not share equally with other creditors.

Order affirmed, with $10 costs.